SUMMONS ISSUED

CV 11 2553

Zatuchni & Associates, LLC
1 West Street
Suite 100
New York, NY 10004
(212) 785-8980
Counsel for Plaintiff

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 26 2011 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

| | |
|---|---|
| NICHOLE EDMOND-PECOU,<br><br>    Plaintiff,<br><br>v.<br><br>CUSTOM COMPUTER SPECIALISTS, INC.,<br>a New York Corporation; and GAIL<br>GROGAN,<br><br>    Defendants. | CIVIL ACTION NO.: **WEXLER, J.**<br><br>**LINDSAY, M.**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Nichole Edmond-Pecou, by way of Complaint against Defendants Custom Computer Specialists, Inc. and Gail Grogan, by and though her counsel, hereby states and alleges as follows:

## PARTIES

1. Plaintiff Nichole Edmond-Pecou is a natural person residing at 350 Lehigh Avenue, Apartment 105, Perth Amboy, New Jersey.

2. Defendant Custom Computer Specialists, Inc. ("CCS") is New York Corporation with its main business offices at 70 Suffolk Court, Hauppauge, New York.

3. Defendant Gail Grogan has served, at all relevant times, as a Manager at CCS, and had direct supervision of and responsibility for Ms. Edmond-Pecou, her assignments and her employment.

## VENUE AND JURISDICTION

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all of the acts and omissions complained of occurred in the State of New York within the Eastern District.

5. Plaintiff is a resident of New Jersey. Defendants are residents of New York. The amount in controversy in this matter exceeds One Hundred Thousand ($100,000.00) Dollars. Accordingly, this court has diversity jurisdiction pursuant 28 U.S.C. § 1332.

6. This matter is also brought pursuant to 42 U.S.C. § 2000e-2(a)(1) et seq., otherwise known as the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq., otherwise known as Title VII, and 29 U.S.C. 2601, et seq., otherwise known as the Family and Medical Leave Act (FMLA). This court has original jurisdiction pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. §1367.

8. The Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on December 7, 2010.

9. The Plaintiff received a Right to Sue letter dated April 1, 2011.

## BACKGROUND FACTS

10. Ms. Edmond-Pecou first became employed with Defendant CCS in or around March 2007.

11. CCS is a vendor and marketer of software and technology products utilized by K-12 school districts across the country.

12. Ms. Edmond-Pecou was employed by CSS in the position of Professional Developer. In this capacity, Ms. Edmond-Pecou acted as a technical trainer and consultant,

traveling to school district clients for the purpose of training school staff on the use of CCS products.

13. Ms. Edmond-Pecou's main regional area of coverage was New York, New Jersey, and the New England states. Ms. Edmond-Pecou's job responsibilities entailed extended travel to customer locations for week-long training sessions.

14. In or around November 2009, Ms. Edmond-Pecou learned that she was pregnant.

15. In or around July 2010, Ms. Edmond-Pecou went out on her maternity/medical leave under the Family Medical Leave Act.

16. On or around August 16, 2010, Ms. Edmond-Pecou called CCS and left a message to advise that she intended to return to work the day after Labor Day, in the first week of September.

17. Ms. Edmond-Pecou did not hear back from anyone at CCS in the following weeks. She then emailed CSS to again confirm that she was ready to go back to work right after Labor Day. Ms. Edmond-Pecou followed up with another email on or around September 2, 2010.

18. At this time, Ms. Edmond Pecou was contacted by CCS and advised that a Human Resources Manager and her direct manager Defendant Gail Grogan wanted to talk to her.

19. Defendant Grogan and HR Manager Lucy Maresco called Ms. Edmond-Pecou and told her that she was being terminated purportedly because "business was slow." Ms. Edmond-Pecou was told that her termination had nothing to do with her work performance.

20. This justification given for Ms. Edmond-Pecou's termination was patently false and pretextual.

21. Ms. Edmond-Pecou was the only Professional Developer that was terminated. Indeed, other Professional Developers with less seniority than Ms. Edmond-Pecou were retained

3

and still work for the company, including Russell Gifford, Tara Shield, and Rob Ross. None of these other Professional Developers with less seniority retained by CCS have been pregnant or have young children at home.

22. Ms. Edmond-Pecou was at all times a diligent and hardworking employee. Ms. Edmond-Pecou at all times received excellent performance evaluations and was never subjected to any discipline.

23. Ms. Edmond-Pecou was terminated because of her pregnancy and in violation of her rights under FMLA.

24. Ms. Edmond-Pecou was also terminated because she had to take time off from work due to pregnancy leave.

## COUNT I – VIOLATION OF TITLE VII

25. Plaintiff hereby incorporates and restates the allegations contained in the preceding paragraphs as if set forth at length herein.

26. Defendants' termination of Ms. Edmond-Pecou was in violation of Title VII, 42 U.S.C. § 2000e-2 et seq.

27. As a result of Defendants unlawful conduct, Ms. Edmond-Pecou has been subjected to mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

28. As a result of Defendant Grogan's unlawful conduct, Ms. Edmond-Pecou has suffered economic losses and job detriment.

WHEREFORE, Plaintiff demands the following damages and relief:

    a. Judgment in favor of the Plaintiff and against Defendant;

    b. Compensatory damages;

    c. Punitive damages;

    d. Pre-Judgment interest;

    e. Attorneys fees;

    f. Costs of suit;

    h. Such additional relief as this Court deems just and equitable.

## COUNT II - VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

29. Plaintiff hereby incorporates and restates the allegations contained in the preceding paragraphs as if set forth at length herein.

30. Defendants' termination of Ms. Edmond-Pecou was in violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq. (FMLA).

31. As a result of Defendants unlawful conduct, Ms. Edmond-Pecou has been subjected to mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

32. As a result of Defendant Grogan's unlawful conduct, Ms. Edmond-Pecou has suffered economic losses and job detriment.

WHEREFORE, Plaintiff demands the following damages and relief:

    a. Judgment in favor of the Plaintiff and against Defendant;

    b. Compensatory damages;

    c. Punitive damages;

    d. Pre-Judgment interest;

    e. Attorneys fees;

    f. Costs of suit;

    h. Such additional relief as this Court deems just and equitable.

## COUNT III - PREGNANCY DISCRIMINATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

33. Plaintiff hereby incorporates and restates each of the allegations set forth in the preceding paragraphs as if set forth at length herein.

34. Defendants terminated Ms. Edmond-Pecou solely due to her pregnancy, in violation of New York State Human Rights Law § 296(1)(a).

35. As a result of Defendants' unlawful conduct, Ms. Edmond Pecou has suffered substantial economic losses.

36. As a result of Defendants' unlawful conduct, Ms. Edmond-Pecou has suffered and will continue to suffer extreme mental anguish, embarrassment, stress, anxiety, humiliation and other pain and suffering.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a. Judgment against the Defendant;

    b. Compensatory damages;

    c. Punitive damages;

    d. Interest;

    e. Reasonable attorneys fees;

    f. Costs and expenses of suit; and

    g. Any other relief that the Court finds just and equitable.

## COUNT IV – MARITAL/FAMILIAL DISCRIMINATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

37. Plaintiff hereby incorporates and restates each of the allegations set forth in the preceding paragraphs as if set forth at length herein.

38. Defendants terminated Ms. Edmond-Pecou due to her marital/familial status, in violation of New York State Human Rights Law § 296(1)(a).

39. As a result of Defendants' unlawful conduct, Ms. Edmond Pecou has suffered substantial economic losses.

40. As a result of Defendants' unlawful conduct, Ms. Edmond-Pecou has suffered and will continue to suffer extreme mental anguish, embarrassment, stress, anxiety, humiliation and other pain and suffering.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a. Judgment against the Defendant;

    b. Compensatory damages;

    c. Punitive damages;

    d. Interest;

    e. Reasonable attorneys fees;

    f. Costs and expenses of suit; and

    g. Any other relief that the Court finds just and equitable.

## COUNT V – AIDER AND ABETTOR LIABILITY

41. Plaintiff hereby incorporates and restates the allegations contained in the preceding paragraphs as if set forth at length herein.

42. Defendant Gail Grogan aided and abetted a violation of the New York Human Rights Law.

43. As a result of Defendant Grogan's unlawful conduct, Ms. Edmond-Pecou has been subjected to mental anguish, anxiety, stress, humiliation, embarrassment, and pain and suffering.

44. As a result of Defendant Grogan's unlawful conduct, Ms. Edmond-Pecou has suffered economic losses and job detriment.

WHEREFORE, Plaintiff demands the following damages and relief:

    a. Judgment in favor of the Plaintiff and against Defendant;

    b. Compensatory damages;

    c. Punitive damages;

    d. Pre-Judgment interest;

    e. Attorneys fees;

    f. Costs of suit;

    g. Such additional relief as this Court deems just and equitable.

Respectfully submitted,

David Zatuchni, Esq.
Zatuchni & Associates, LLC
1 West Street
Suite 100
New York, NY 10004
(212) 785-8980
Counsel for Plaintiff

Dated: 5/24/11

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

>David Zatuchni, Esq.
Zatuchni & Associates, LLC
1 West Street
Suite 100
New York, NY 10004
(212) 785-8980
Counsel for Plaintiff

Dated: 5/24/11

## CERTIFICATION PURSUANT TO FED.R.CIV.PRO. 11.2

I certify that the above matter in controversy is not now known by me to be the subject of any other proceeding in any other Court or of a pending arbitration proceeding; and that, to the best of my knowledge, no such actions or proceedings are contemplated; and that Plaintiff knows of no other person who should be joined in this action at this time.

>David Zatuchni, Esq.
Zatuchni & Associates, LLC
1 West Street
Suite 100
New York, NY 10004
(212) 785-8980
Counsel for Plaintiff

Dated: 5/24/11

9